## COMMERCIAL & INDUSTRIAL PROPERTIES, INC. ET AL. v. VINCENT ANELLO ET AL.

[No. 1111, September Term, 1976.]

*Decided May 17, 1977.*

The cause was argued before POWERS, MASON and LISS, JJ.

*Shale D. Stiller,* with whom were *Lawrence F. Rodowsky* and *Jonathan Eisenberg* on the brief, for appellants.

*Morton H. Perry* for appellees.

POWERS, J., delivered the opinion of the Court.

The somewhat unconventional basis upon which we return this case to the Circuit Court for Anne Arundel County follows logically the unconventional basis upon which the case came here from that court.

Appellants (Commercial) filed a bill of complaint on 14 May 1976 asking the circuit court to declare that an

agreement for the sale of land had been breached by appellees (the Anellos), and that Commercial should have an additional 30 days to resolve a minor title problem, and asking the court to pass a decree requiring the Anellos to perform the agreement to sell the land to Commercial. Numerous documents were attached to and made a part of the complaint.

The answer of the Anellos, also enlarged by numerous appended documents, was filed on 22 June 1976. It raised many issues which appeared to go to the merits of the case. Among them was an averment that the plaintiffs did not have the financial ability to complete the transaction, nor the intention to do so, and that the complaint was not filed in good faith, but was merely a ploy to enable the plaintiffs to secure financing, or to sell the contract.

In extremely brief outline, the agreement, originally entered into on 17 July 1974, and extended and amended as late as 2 April 1976, and calling for settlement on or before 30 April 1976, ultimately provided for the sale and purchase of 15 acres of land on New Mountain Road in Anne Arundel County for the sum of $400,900.00, of which $47,000.00 had been paid. A determination of the case on its merits would unquestionably have required the resolution of many issues of fact and questions of law.

The case never reached the point of a decision on its merits. On the same day that the answer was filed, the Anellos zeroed in on Commercial's financial ability to settle, by filing a "Motion To Require Tender And For Admission of Facts". They moved that the court require Commercial to tender into court the sum of $375,000.00, or be required to admit that it is not able to consummate the purchase of the property. The motion was not accompanied by a statement of points and citation of authorities, as required by Maryland Rule 319. On the same day, the court ordered Commercial to show cause why the relief prayed in the motion should not be granted.

On 6 July 1976 Commercial answered the motion, saying in substance that there was no provision in Maryland practice for compulsory tender into court in a specific

performance case, or for court ordered admissions of fact. After a hearing on 6 August 1976 the court ordered Commercial, within 15 days, to tender into court the sum of $375,000.00, or an enforceable loan commitment for that amount from a responsible third party, or to post a bond in that amount.

Commercial timely filed what it considered to be compliance, in the nature of a commitment from a third party. The Anellos filed a Motion For Dismissal on 31 August 1976, purportedly pursuant to Maryland Rule 310 a.,[1] attacking the sufficiency of Commercial's showing of compliance. There was no statement of points or authorities. Rule 319. Commercial filed an answer, or memorandum opposing the Motion For Dismissal. The motion was heard before the chancellor on 24 September 1976.

A Memorandum Of Opinion And Order, signed by the Chancellor on 5 October 1976, and filed the following day, dealt primarily with the previous order requiring Commercial to show financial responsibility, and the insufficiency of Commercial's compliance with that order. The court concluded:

"The [financial commitment agreement] filed by the plaintiffs in these proceedings leaves open too many questions concerning its enforceability and Cordish's fiscal soundness to assure the court of plaintiffs' ability to perform according to the terms of the contract. Moreover, a reasonable time having expired since the date for performance under either of the contracts with the Anellos, this court declines to entertain the petition. It finds that the obligations existing between plaintiffs and defendants are not fair, reasonable, and certain in all terms.

"For the above reasons, plaintiffs' bill of complaint is

---

1. Maryland Rule 310 a. permits dismissal of an action when the party asserting it is in default for failure to comply with the requirements as to time allowed for pleading. It has no applicability to the Motion for Dismissal filed by the Anellos. Neither did this Motion for Dismissal bear any relation to Rule 535, which may be used at the close of an opponent's evidence in a trial without a jury.

dismissed, with costs to be assessed to the plaintiffs. It is so ORDERED this 5th day of October, 1976."

On the merits of the single question then being considered by the court — the financial ability of Commercial to consummate the contract — there was much to be said on both sides. It did not, as the Chancellor put it, "assure the court of plaintiffs' ability to perform", and for that reason [2] the Chancellor dismissed the bill of complaint.

The financial ability to pay the contract price is, of course, a prime element of the obligations which a purchaser of real estate must perform at settlement. When the ability to pay is coupled with a readiness and willingness to do so, and with acceptance of the title tendered by the seller as in compliance with the contract between them, all else is mechanical detail.

When a court of equity decrees specific performance of an agreement for the sale and purchase of land, the two primary obligations — to deliver the deed, and to pay the purchase price — are left to the day of reckoning. Rarely is the court called upon to act again, after it has told the parties what they are required to do. The doing of it is left to the parties. The "proof of the pudding" — actual performance by each party — "is in the eating".

If either party fails to perform as ordered, the court may take further action, or it may have provided for that event by declaring in advance that failure to perform terminates a party's rights, or by appointing a trustee to perform for the defaulting party.

Appellants' counsel have assured us that there is no reported case in the literature of American or English law in which a court of equity has required *preliminary* proof of ability to pay the purchase price before it will entertain the merits of a purchaser's suit for specific performance of a real estate contract. Appellees do not dispute the assertion,

---

2. Other reasons suggested in the Memorandum, that a reasonable time had expired since the date for performance, and that the obligations existing between the parties were not fair, reasonable, and certain in all terms, were unrelated to the issue raised by the Motion under consideration.

and they cite no case. They argue that the court may impose such a requirement under its general equity power.

We do not think it is appropriate to introduce at this time a new step or precondition into a practice which has developed over a period of hundreds of years. We hold that the chancellor erred when he dismissed the bill of complaint for the reason that Commercial failed to make a preliminary showing sufficient to assure the court of its ability to pay the purchase price at settlement. We shall reverse the order, and remand the case for further proceedings.

In connection with those further proceedings, there are some comments we feel constrained to make. Commercial claimed, below and here, that it needed, and was entitled to have, an additional 30 days in which to resolve a minor title problem involving recorded public utility rights of way not precisely described.

On the other hand, the question relied upon by the Anellos in the circuit court was Commercial's ability to pay. Other issues raised by their answer would have been available at a trial on the merits, but as counsel for the Anellos told this Court in argument, "if the plaintiffs had been able to show the ability to settle, fine — we would go no further — we would settle."

We decline to entertain the suggestion of each side that his opponent's ostensible contention is not real, but is merely a pretext for a true reason, not advanced on the record.

Accepting at face value the concerns expressed by both sides suggests a simple, time-saving, and cost-saving solution. Between the time this opinion is filed and the time of our Mandate, the parties should have no difficulty in agreeing upon the form of an order to be submitted promptly to the Chancellor, requiring settlement of the purchase and sale within a very limited time, not more than 30 days. Commercial would have its opportunity to straighten out the title. The Anellos would be assured of receiving the purchase price at settlement, or of knowing that the agreement no longer binds them. All parties would

be assured that the controversy and this litigation are terminated, absolutely and forever.

Should the parties be unable to agree upon a simple "here's the money — here's the deed" solution of this case, then under our Mandate, further proceedings along the lines of traditional specific performance procedures will be necessary. If they are, the Chancellor would no doubt listen with a skeptical ear to any contention inconsistent with Commercial's plaint, "All we want is good title", and the Anellos' rejoinder, "all we want is the purchase price."

> *Order dismissing bill of complaint reversed.*
> *Case remanded for further proceedings.*
> *Appellees to pay costs.*